JOHN G. CARROLL *et al.* *vs.* C. I. HAYES, INC., *et al.*

APRIL 2, 1936.

PRESENT: FLYNN, C. J., Capotosto, and Condon, JJ.

CAPOTOSTO, J.   This cause is before us on the appeal of the complainants from a decree of the superior court sustaining the respondents' demurrers to a bill of discovery brought by the complainants in aid of an original bill of complaint between the same parties and now pending before the superior court.

The original bill of complaint, a copy of which is on file with the papers and made a part, by reference, of the bill

of discovery in this case, seeks to establish an attorney's lien in favor of the complainants under the provisions of general laws 1923, chapter 301, sec. 32, as amended by public laws 1931, chapter 1761. It charges the complainants' alleged client, Daniel M. Hall, and the other respondents, C. I. Hayes, Inc., Lucy Hayes, and the Lumbermen's Mutual Casualty Company, after notice of complainants' engagement, with conspiracy in compromising and settling an action of trespass on the case for negligence in which the complainants had been retained as counsel by Hall. They allege that on February 26, 1934, they "filed notice with the said C. I. Hayes, Inc., and the said Lucy Hayes" of the claim against them; that they "are informed, and they therefore believe, that the said communications of the 26th day of February, A. D. 1934, were forwarded by said C. I. Hayes, Inc., and by said Lucy Hayes to and that the same were received by the Lumbermen's Mutual Casualty Company; . . . that the contents of said communications were duly noted by said casualty company;" and that thereafter the casualty company, without notice or advice to the complainants, compromised and settled the case with Hall.

In their answers to this original bill all the respondents deny any fraud or conspiracy and Hall further specifically denies that he entered into any agreement with the complainants to prosecute the claim. Exceptions to the answer of C. I. Hayes, Inc., and Lucy Hayes, were filed by the complainants on the ground that they did not state whether they received the notice, or forwarded it to the Lumbermen's Mutual Casualty Company, or the means by which the casualty company had notice of the accident. These exceptions were heard and overruled by a justice of the superior court. On September 17, 1934, an order was entered allowing replications to be filed out of time and on that same day the present proceedings were instituted.

This bill of discovery is brought by the complainants to compel the respondents, C. I. Hayes, Inc., and Lucy Hayes,

to answer certain questions annexed thereto in order to ascertain (1) if C. I. Hayes, Inc., received a letter from them dated February 26, 1934, stating substantially that they represented Daniel M. Hall and the estate of Emma F. Hall, deceased, in a claim for damages for the death of Mrs. Hall as the result of injuries caused by the negligent operation of an automobile owned by C. I. Hayes, Inc., and operated by Lucy Hayes on February 23, 1934; (2) if C. I. Hayes, Inc., received such a letter, what was the exact time of its receipt, what disposition was made of it, whether it was forwarded to the Lumbermen's Mutual Casualty Company, and, if so, what was the exact time of forwarding; and (3) whether C. I. Hayes, Inc., notified the Lumbermen's Mutual Casualty Company of the receipt of this communication, and if it did, what was the exact time that such notice was given. The complainants state that this information is necessary before they can "safely proceed" on the merits of that bill. Demurrers were filed by all the respondents on the grounds that the information sought is neither material nor are the complainants justly entitled thereto.

The law relating to bills of discovery is well settled in this State. In order to maintain a bill of discovery in aid of a pending action, the complainant must show that he is justly entitled to information which is relevant, material, and necessary to the issue. *Gorman* v. *Banigan*, 22 R. I. 22; *The Thew Shovel Co.* v. *McCormick*, 53 R. I. 275. The right to discovery does not extend to a disclosure of the manner in which the respondent's case is to be established nor to evidence relating to matters of defense.

The facts, as alleged in the instant case, do not bring the complainants within our well established rule governing bills of discovery. The original bill of complaint sets out that the complainants "filed" notice of their retention as counsel for Daniel M. Hall with C. I. Hayes, Inc., and Lucy Hayes, but they fail to give any particulars as to the manner in which the notice was "filed" or to state the means employed to bring the letter about which they now inquire

to the attention of C. I. Hayes and Lucy Hayes. The bill further alleges, on information and belief only and in general terms, that these respondents forwarded the notices to the Lumbermen's Mutual Casualty Company, which immediately thereafter entered into a conspiracy to fraudulently deprive the complainants of their fees. Such indefinite and general allegations do not aid the court in determining either that the complainants are justly entitled to the information sought by the bill of discovery or that such information is relevant, material and necessary to the prosecution of their claim. *Tillinghast* v. *Westcott, Slade & Balcom*, 30 R. I. 334; *Tilden-Thurber Corp.* v. *Farnell*, 43 R. I. 42.

The object of the attorney's lien statute is to prevent a person from dealing unfairly with an attorney whom he has retained to protect his interests in a matter in dispute. Even though thereafter a valid settlement of the controversy may be effected by the parties themselves without the knowledge of the attorney while the relation of attorney and client continues, yet such conduct is censurable and, if a proper showing is made, the attorney might be entitled to the assistance of the court through a bill of discovery to assist him in establishing the lien given him by the statute.

We find no error in the decision of the trial justice sustaining the respondents' demurrers to the bill of discovery.

The appeal of the complainants is, therefore, denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Carroll & Dwyer, Edward F. J. Dwyer*, for complainant.
*Clifford A. Kingsley, Francis V. Reynolds*, for respondent.